IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21259
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TWELVE FIREARMS,

                                        Defendant,

versus

RAZA HUSAIN,

                                        Claimant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-295
--------------------
October 28, 2002
Before GARWOOD, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Raza Husain, federal prisoner # 79193-079, appeals the

district court's denial of his FED. R. CIV. P. 60(b) motions in

this in rem civil forfeiture action.  Husain argues that the

district court erred in granting summary judgment for the

Government in the forfeiture action.  The merits of the

underlying judgment are not reviewable in an appeal from the

--------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

denial of a FED. R. CIV. P. 60(b) motion.  In re Ta Chi Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984); Travelers Ins. Co. v. Liljeberg Enters., Inc., 38 F.3d 1404, 1408 (5th Cir. 1994).  The district court thus did not abuse its discretion in denying postjudgment relief as to Husain's claims challenging the judgment in the forfeiture action.  See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).

Husain also challenges the district court's denial of his claim that the Government did not return to him all seized business records.  Following an evidentiary hearing, the district court found that the Bureau of Alcohol, Tobacco, and Firearms returned copies of all seized documents to Husain and that although the Government may have lost the originals of some of the receipt books, Husain was not prejudiced.  Husain has not demonstrated that the court abused its discretion in denying relief on this claim.  See Eskenazi, 635 F.2d at 402.

Husain raises for the first time on appeal alleged error in his criminal conviction, pre-sentence report, and criminal sentence.  We will not address these claims raised for the first time on appeal.  See, e.g., Vogel v. Veneman, 276 F.3d 729, 733-34 (5th Cir. 2002).

AFFIRMED.